UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

A<small>NTHONY</small> E<small>VANS</small>,

    Plaintiff,    Case No. 2:21-cv-244

v.            Hon. Hala Y. Jarbou

U<small>NKNOWN</small> R<small>AUMAN</small> et al.,

    Defendants.
_____/

**OPINION**

  This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I. Factual allegations**

  Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Woodland Center Correctional Facility (WCC) in Whitmore Lake, Livingston

County, Michigan. The events about which he complains, however, occurred at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. Plaintiff sues the following NCF officials: Warden Rauman and Deputy Warden Hubble.

In Plaintiff's complaint, he alleges that he "filed complaints before [he] received Covid 19 complaining how this facility wasn't practicing procedure." (Compl., ECF No. 1, PageID.6.) Specifically, Plaintiff "filed a grievance exhausting all remedies steps 1–3 pertaining [to] the neglect[] [and] cru[e]l[] and unusual punishment of subjecting and inflicting [him] in a harmful circumstance of being exposed to a deadly, harmful disease." (*Id.*, PageID.16.) In the grievance, "[Plaintiff] clearly explained that their violations of practicing procedure imposed by Director Washington would conflict [his] well-being to contract this fatal illness from their dis[]regarding policy." (*Id.*) When Plaintiff filed his grievance on September 3, 2020, he "was negative [for COVID-19];" however, subsequently, Plaintiff tested positive for COVID-19 on October 29, 2020. (*Id.*) Plaintiff alleges that he "has been and will continue to be irreparably injur[]ed from serious side effects," including "unb[e]ar[able] joint pain, head[]aches, mental anguish [and] blurry vision." (*Id.*, PageID.17.)

Plaintiff further alleges that "[he] begged every staff authorized over [his] well[-]being that [he] will contract this disease if they don't impl[e]ment or comply with said policy from Lansing Director Washington." (*Id.*, PageID.16.) Plaintiff "wrote kites, spoke[] with shift command, supervisors and all staff in control to protect [him] from encountering Covid 19 from their neglect," but "[he] was ignored, denied and rejected to receive fair treatment." (*Id.*) Additionally, Plaintiff contends that his rights were "violated by not being granted to process [his] grievance to deny [him] to the courts." (*Id.*, PageID.6.)

2

Plaintiff states that "this complaint is not for Covid 19." (*Id.*, PageID.17.) Instead, Plaintiff states that "[t]hrough the neglect of this facilit[y's] staff members, [he is] hereby filing [this] complaint for: cru[e]l[] and unusual punishment, negligence, injury, and [for] when Lansing didn't process [his] grievance . . . [he] also file[s] a complaint for violation of [his] due process [rights]." (*Id.*, PageID.16.) Further, without providing any additional explanation, Plaintiff indicates that he believes his First Amendment rights were violated.[1] (*Id.*, PageID.5.)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his right to due process under the Fourteenth Amendment, as well as his rights under the Eighth Amendment and under state law. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.*, PageID.14, 18.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[1] To the extent that Plaintiff intended to allege that Defendants violated his right to petition the government, this right is not violated by Defendants' failure to process or act on his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond). Moreover, Defendants' actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977); *cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable First Amendment claim.

3

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 556 U.S.* at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    **A.**    **Due Process**

Plaintiff contends that his right to due process was violated "when Lansing didn't process [his] grievance." (Compl., ECF No. 1, PageID.16.) Plaintiff also contends that his rights

4

were "violated by not being granted to process [his] grievance to deny [him] to the courts." (*Id.*, PageID.6.)  Further, Plaintiff alleges that he "wrote kites, spoke[] with shift command, supervisors and all staff in control to protect [him] from encountering Covid 19 from their neglect," but "[he] was ignored, denied and rejected to receive fair treatment."  (*Id.*, PageID.16.)

As an initial matter, Plaintiff fails to make specific allegations against Defendants Rauman and Hubble.  Government officials, such as Defendants, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Furthermore, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See id.* at 678–79; *Twombly*, 550 U.S. at 555.  Plaintiff has failed to allege that Defendants Rauman and Hubble engaged in any active unconstitutional behavior.

Moreover, regardless of whether Plaintiff seeks to hold Defendants liable for the actions of their subordinates, Plaintiff has no due process right to file a prison grievance.  The

courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Additionally, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process. Accordingly, the Court will dismiss Plaintiff's Fourteenth Amendment due process claims against Defendants.

### B. Eighth Amendment

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that Defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

As an initial matter, Plaintiff fails to specifically name either Defendant in the body of his complaint. Instead, Plaintiff makes a conclusory allegation that "[he] begged every staff authorized over [his] well[-]being that [he] will contract this disease if they don't implement or comply with said policy from Lansing Director Washington." (Compl., ECF No. 1, PageID.16.) Plaintiff also alleges in a conclusory manner that he "filed a grievance exhausting all remedies steps 1-3 pertaining [to] the neglect, cru[e]l[] and unusual punishment of subjecting and inflicting [him] in a harmful circumstance of being exposed to a deadly, harmful disease." (*Id.*) Further, Plaintiff contends that he was "hous[ed] in hazardous conditions that nearly caused [his] death;"

7

however, he fails to provide any facts regarding the specific allegedly hazardous conditions of his confinement. (*Id.*, PageID.17.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Here, Plaintiff's claims fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, although the Court is sympathetic to Plaintiff's concerns about the COVID-19 virus and the fact that he contracted the virus, his claims are entirely conclusory. The MDOC has promulgated numerous policies to address the risk posed to inmates by COVID-19. *See, e.g.*, MDOC Director's Office Memorandum (DOM) DOM 2020-30 (eff. Apr. 8, 2020) (mandating multiple protective measures including the wearing of masks by prisoners and staff, screening of all individuals before entering prison facilities, keeping of social distance, restricting visits and phone calls, and limiting transfers and cell moves); DOM 2020-30R2 (eff. May 26, 2020) (outlining specific precautions to be taken by staff members, including the use of personal

protective equipment and hand sanitizer); DOM 2020-30R3 (eff. May 27, 2020); DOM 2020-30R4 (eff. Aug. 10, 2020); DOM 2020-30R5 (eff. Aug. 25, 2020); DOM 2020-30R6 (eff. Aug. 27, 2020); DOM 2020-30R7 (eff. Nov. 5, 2020); DOM 2020-30R8 (eff. Nov. 24, 2020); DOM 2021-26 (eff. Jan. 1, 2021); DOM 2021-26R (eff. Jan. 12, 2021); DOM 2021-26R (eff. Jan. 12, 2021); DOM 2021-26R2 (eff. Jan. 21, 2021); DOM 2021-26R3 (eff. Jan. 25, 2021); DOM 2021-26R4 (eff. Mar. 5, 2021); DOM 2021-26R5 (eff. Mar. 19, 2021); DOM 2021-26R6 (eff. Mar. 26, 2021); DOM 2021-26R7 (eff. June 23, 2021); DOM 2021-26R7 (eff. June 23, 2021); DOM 2021-26R8 (eff. Aug. 6, 2021); DOM 2021-26R9 (eff. Aug. 23, 2021); DOM 2021-26R10 (eff. Oct. 11, 2021); DOM 2021-26R11 (eff. Nov. 19, 2021); DOM 2021-26R12 (eff. Dec. 3, 2021); DOM 2022-21R2 (eff. Jan. 14, 2022).[2] Although Plaintiff makes conclusory allegations about NCF's need to "implement or comply with said policy from Lansing Director Washington," Plaintiff fails to identify any specific actions taken by the named Defendants that he believes resulted in constitutionally inadequate conditions during his confinement. (Compl., ECF No. 1, PageID.16.) Moreover, although Plaintiff does not specifically describe how Defendants' conduct fell short, he repeatedly references their failures as negligent or neglectful. (*Id.*, PageID.9, 16–17; ECF No. 1-1, PageID.20; ECF No. 1-2, PageID.35, 39.) Such conclusory allegations fail to show that either named Defendant was deliberately indifferent to Plaintiff's health and safety. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more

---

[2] The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence. The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)). Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added). Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

blameworthy than negligence"). The Court, therefore, will dismiss Plaintiff's Eighth Amendment claims against Defendants.

### III. State-law claims

In addition to Plaintiff's federal claims, Plaintiff also states that he is "hereby filing [this] complaint for: . . . negligence[] [and] injury." (Compl., ECF No. 1, PageID.16.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law

10

issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all of Plaintiff's claims in the complaint will be dismissed. Plaintiff's federal claims will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, Plaintiff's state-law claims against Defendants will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  February 2, 2022                               /s/ Hala Y. Jarbou
                                                       HALA Y. JARBOU
                                                       UNITED STATES DISTRICT JUDGE